

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 31, 1977

The Honorable Cue D. Boykin
Chairman
Texas Industrial Accident Board
L.B.J. State Office Building
Austin, Texas   78711

Opinion No. H- 967

Re:   Method of determining
minimum and maximum
workmen's compensation
benefits.

Dear Chairman Boykin:

You have requested our opinion concerning the construction
of section 29(c) of article 8306, V.T.C.S., which provides:

> If the annual average of the manufacturing
> production workers average weekly wage in
> Texas exceeds by Ten Dollars ($10) the
> average weekly wage for those workers in
> 1974 as determined by the Texas Employment
> Commission and published in its report,
> "The Average Weekly Wage," the maximum
> weekly benefit shall be increased by Seven
> Dollars ($7) and the minimum weekly
> benefit shall be increased by One Dollar
> ($1) above the amounts specified in
> Subsection (b) of this section beginning
> with the commencement of the state fiscal
> year following the publication of the
> report.   Thereafter, <u>each additional Ten
> Dollar ($10) increase</u> in the average weekly
> wage for manufacturing production workers
> in Texas as annually determined and reported
> by the Texas Employment Commission shall
> increase the maximum weekly benefit by an
> additional Seven Dollars ($7) and the
> minimum weekly benefit by an additional
> One Dollar ($1) beginning with the commence-
> ment of the state fiscal year following the
> publication of the report.

(Emphasis added).

You have asked whether section 29(c) requires a ten dollar increase in each particular year or whether it "contemplates a cumulative annual determination of the average weekly wage using 1974 as the base year for the purpose of determining the annual increase in the maximum compensation rate." You state that the Board believes the Legislature intended a cumulative determination. We agree.

The specific language of section 29(c) requires an increase of the maximum and minimum compensation rates for "each additional Ten Dollar ($10) increase in the average weekly wage . . . ." In our view, the word "additional" can initially refer only to the original ten dollar increase from the 1974 figure. Thus, each ten dollar increase above that original increase will result in the provided adjustments of compensation rates. As you note, the opposite interpretation would allow consecutive yearly increases in average wages of nine dollars without an increase in compensation rates. We believe such a construction would be contrary to the clear intent of section 29(c) to adjust compensation rates on the basis of average wage increases. Accordingly, in our opinion, section 29(c) of article 8306 contemplates a cumulative determination of the increase in average weekly wages.

### S U M M A R Y

Section 29(c) of article 8306 contemplates a cumulative determination of the increase in average weekly wages with the 1974 average wage serving as the reference point.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

The Honorable Cue D. Boykin - page 3   (H-967)

C. ROBERT HEATH, Chairman
Opinion Committee

kml